**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

WILLIAM J. THEUS, JR,

       Petitioner,

v.                                  CASE NO. 1:08cv42-MP-CJK

EDWIN G. BUSS,

       Respondent.

_____/

**O R D E R**

       This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated August 25, 2011. (Doc. 27).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  I have made a <u>de novo</u> of petitioner's objections.  (Doc. 28).

       Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that all of the claims were properly rejected without an evidentiary hearing except for Ground 1, petitioner's claim that trial counsel was ineffective for failing to properly advise him during plea negotiations with the State.  Thus, for the reasons given below, the Report and Recommendation is accepted in part and rejected in part.

**BACKGROUND**

       Petitioner was charged in the Circuit Court for Alachua County, Florida, with four counts of lewd and lascivious battery with penetration[1] involving a child under age 16.  The charges were based on a sexual relationship between petitioner and the twelve-year-old daughter of a friend during the summer of 2002.  As the case against petitioner proceeded, petitioner's counsel negotiated with the prosecutor, and discussed with petitioner, various

---

[1] He was also charged with four lesser included offenses, but the state judge dismissed those as "redundancies" after conviction on the greater offenses.

offers made by the state.  The history of these plea negotiations is outlined in the transcript of the pretrial conference.  (Ex. N, which is attach. 18 of Doc. 16).  During the hearing, the court asked about the possibility of a plea, and counsel for petitioner noted that a plea of eight years had been offered.  Counsel was referring to an offer that was made in writing and presented to petitioner along with the state's witness list.  It included the offer and also a statement of the minimum sentences that petitioner faced:

> Plea Offer: PRE-DEPO: (OFFER GOOD FOR 30 DAYS) - PLEA AS CHARGED, ADJUDICATED GUILTY, 8 YRS. DOC FOLLOWED BY 7 YRS. SEX OFFENDER PROBATION W/PSYCHO-SEXUAL TREATMENT, DNA DRAW, HIV/STD TESTS, NO CONTACT W/VICTIM, PAY RESTITUTION, CC, INVESTIGATIVE COSTS AS APPLICABLE.
>
> "NOTE: DEFENDANT SCORES MINIMUM 23.7 YRS. DOC AS CHARGED. DEFENDANT SCORES MINIMUM 9.1 YRS. DOC ON ONE COUNT OF LEWD OR LASCIVIOUS BATTERY"

(Ex. N, p. 60, which is attach. 18 of Doc. 16, pdf p. 98).

After petitioner's counsel mentioned the written eight-year plea offer to the judge during the pretrial conference, the prosecutor responded that this eight-year plea offer had been offered "[a] long time ago," and rejected by petitioner.  Counsel for petitioner then replied, "I think the current number that was floating in the ether was about five years, and Mr. Theus was not accepting that. He wants to go to trial." (Doc. 27, p. 12-13).  The judge then inquired whether petitioner wanted to plead straight to the charge, but petitioner declined and went to trial.  He was eventually convicted of all four counts of lewd and lascivious battery and sentenced to life imprisonment on all four counts, based on his extensive criminal history.

**THE PETITIONER'S CLAIM IN GROUND ONE**

Along with his other claims, petitioner argues that his counsel was ineffective for failing to advise him during plea negotiations that he faced life imprisonment if convicted.  He states that if he had known that, he would have accepted the five year plea that was "in the ether," according to his counsel, and would not have gone to trial.

The petitioner claims that he did not accept the plea on advice of counsel. According to petitioner,[2] counsel advised that because no rape kit was used on the victim (and thus no physical evidence existed that petitioner and the victim had even had intercourse) and because the victim and her mother would not be credible witnesses, the prosecution would not be able to prove its case.   The petitioner also claims that counsel told him he faced only 15 years if convicted.   Indeed, the transcript contains in-court statements by petitioner's counsel which suggest he may not have realized that his client faced life imprisonment.  For example, during a sidebar at the trial, counsel states, "My client, if convicted, is looking at 30 – approximately 30 years and I think I have the right to go into ... ."  (Doc. 1, p. 27).  Had he known that he faced life imprisonment rather than 15 or 30 years, petitioner argues, he would have accepted the five-year plea and would not have gone to trial.

**THE TRIAL COURT'S RULING ON PETITIONER'S 3.850 MOTION**

This issue was raised in the state 3.850 motion and rejected by the trial court with the following language:

> As to ground (i), Defendant alleges that trial counsel was ineffective for failure to properly advise Defendant in regards to the State's pre-trial plea offer.  Defendant claims that the State offered him a plea of five (5) years imprisonment, but that counsel advised him not to take it and to continue to trial.  The record supports the contention that there was an offer like this available to Defendant.  See Trial Status Conference (June 12. 2003) Transcript at 3 (lines 1-25) (defense counsel states that "the current number floating in the ether was about five years, and Mr. Theus was not accepting that.  He wants to go to trial"); see also State's Discovery Exhibit (the original plea offer of 8 years DOC followed by 7 years sex offender probation).  Defendant also claims that counsel told him that if he lost at trial "he would only be facing a fifteen (15) year sentence."  This is refuted by the record.  During a trial status conference, a month before the trial, Defendant was told that he faced a *minimum* of fifteen (15) years imprisonment *on each count* as a prison releasee reoffender and a *minimum* of thirty (30) years imprisonment under the guidelines. See Trial Status Conference (September 11, 2003) Transcript at 3 (lines 15-25) - 4 (lines 1-11).  Defendant was well aware that he was facing substantially more time than fifteen (15) years in

---

[2]  The state trial court did not conduct an evidentiary hearing, so no testimony has been obtained from trial counsel.

prison if found guilty after a trial.  Defendant's main contention is that he was never advised that he was facing life imprisonment, which was the result of his scoring over 363 points on the scoresheet.  Most of the total score came from victim injury points.  <u>See</u> Scoresheet.  Defendant argues that if he had known he was facing life imprisonment, he would have taken the plea and not proceeded to trial.

The First District Court of Appeal has held that an evidentiary hearing is required where the defendant alleges that trial counsel failed to inform him of the statutory maximum for the charged offenses prior to his rejection of the State's plea offer.  <u>Williams v. State</u>, 924 So. 2d 897,899 (Fla. 1st DCA 2006) (citing <u>Tidwell v. State</u>, 844 So. 2d 701, 701-702 (Fla. 1st DCA 2003).  Here, Defendant was aware of the statutory maximum of the charged offenses, as well as the fact that he was facing a *minimum* of thirty (30) years in prison, if not a significantly longer sentence as a prison releasee reoffender or habitual felony offender.  <u>See</u> <u>id</u>. at 902 (Thomas, J., concurring) (a defendant's claim that he would have accepted a plea offer had he known the statutory maximum is "certainly insufficient" where counsel advised the defendant that he faced "significant prison exposure").  The record does not conclusively refute his claim that he was never told he could receive life imprisonment, if found guilty after a trial, based on his possible scoresheet points.  However, it is clear that Defendant was aware of all the State's plea offers, as well as the fact that the State was seeking enhanced penalties under the prison releasee reoffender statute and the habitual felony offender statute.  <u>See</u> Scheduled Jury Selection Transcript at 12 (lines 6-10); Trial Status Conference (September 11, 2003) Transcript at lines 20-25) - 4 (lines 1-9); Motion Hearing Transcript at 7 (lines 22- 25).  Regardless of his allegation, the record shows that Defendant knew he was facing more than fifteen (15) years in prison.  Even if counsel did err in failing to advise Defendant that he could be sentenced to life imprisonment based upon his possible scoresheet points, Defendant fails to show how he was prejudiced.  Defendant was repeatedly reminded by the trial court and counsel of his significant prison exposure if he was found guilty after trial.  Despite these notifications, Defendant chose to continue to trial.  Defendant fails to show a reasonable possibility that but for counsel's actions he would have accepted the plea and not continued to trial.  This ground is without merit.

(Exhibit N to State's Response, found at Doc. 16, Attachment #18, p. 46-48 (pp. 84-86 of the PDF)).  In other words, the state trial court found that it was enough that petitioner was told he faced "significant prison exposure" even if "[t]he record does not conclusively refute his claim that he was never told he could receive life imprisonment." <u>Id</u>. According to the state court, since he chose to go to trial despite the plea offer and while facing significant

prison exposure, it is probable that he would have rejected the plea offer even if he had been told he faced life imprisonment.

**THE MAGISTRATE JUDGE'S RECOMMENDATION**

In the Report and Recommendation, the magistrate judge concluded that the state court's decision was not unreasonable; however, the magistrate judge did not reach his conclusions for the same reasons as the state court judge.   The magistrate judge concluded that the only offer that had actually been made by the state was one for eight years, reasoning that the five year offer was merely "in the ether."    According to the magistrate judge, because petitioner based his claim on an alleged five-year plea offer, and such an offer was only 'floated', the claim should be rejected:

> it would not have been unreasonable for the Florida First DCA to conclude that petitioner failed to establish there was a reasonable probability his case would have been resolved on a five-year plea deal absent counsel's alleged erroneous advice; therefore, petitioner failed to establish prejudice under *Strickland*.

The problem with this reasoning is twofold.  First, it is inconsistent with the state court's finding, which accepted that the five year offer had been made:

> Defendant claims that the State offered him a plea of five (5) years imprisonment, but that counsel advised him not to take it and to continue to trial.  The record supports the contention that there was an offer like this available to Defendant.

Exhibit N to State's Response, found at Doc. 16, Attachment #18, p. 46-48 (pp. 84-86 of the PDF).  Second, by focusing on the five-year versus eight-year plea offer distinction, the magistrate judge failed to consider more important issues such as whether petitioner was ever informed by his counsel that he faced life versus thirty (or fifteen) years imprisonment, and if not, whether this disparity would have made a difference in his decision to plead guilty or go to trial.  The Report and Recommendation does not address these questions, and the state court did not conduct an evidentiary hearing to determine exactly what defense counsel advised petitioner with regard to the sentence, the strength of the case, and the plea offers made.

**DISCUSSION**

When challenging a conviction based on ineffective assistance of counsel in connection with petitioner's rejection of a plea offer, the defendant must show that there is a reasonable probability that, but for counsel's error, he would have accepted the offer. Coulter v. Herring, 60 F.3d 1499, 1503-04 (11th Cir. 1995)(*citing* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 371, 88 L.Ed.2d 204 (1985); Diaz v. U.S., 930 F.2d 832 (11th Cir. 1991). A petitioner's "after the fact testimony concerning his desire to plea, without more, is insufficient to establish" that he was prejudiced by "counsel's alleged advice or inaction." Id. See also Cook v. United States, 189 Fed. Appx. 927, 931 (11th Cir. 2006) (unpublished opinion). Instead, some "objective evidence of a movant's pre-conviction willingness to plead guilty" is required to support such a claim. Etheridge v. U.S., Slip Copy, 2011 WL 817915, *6 (S.D.Fla. 2011). In the Eleventh Circuit, district courts should conduct an evidentiary hearing to allow a petitioner the chance to offer such "objective evidence" where a petitioner alleges facts which, if true, would tend to show a reasonable probability that the petitioner would have accepted a plea offer had he been properly advised by counsel, unless the record actually contradicts that possibility. Lalani v. U.S., 315 Fed.Appx. 858 (11th Cir. 2009).

In Lalani v. U.S., 315 Fed.Appx. 858 (11th Cir. 2009), the Eleventh Circuit discussed the state of the record necessary to justify an evidentiary hearing. In Lalani petitioners were convicted after a jury trial of one count of conspiring to transport stolen goods in interstate commerce, in violation of 18 U.S.C. § 371, and 137 substantive counts of transporting stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314. Early on in his case, Amzad Lalani instructed his trial counsel to pursue a plea agreement for himself and his co-defendant wife, Wendy Lalani. Amzad also requested that trial counsel inform him of the exposure he faced by proceeding to trial. In response, trial counsel merely told Amzad a plea agreement was "not necessary because he was going to win the case." A plea agreement ostensibly may have been an option for them, as other co-conspirators had plea agreements made available to them.

The Lalanis asserted on habeas review that their counsel was ineffective for failing to advise them of the potential sentences they faced and instead simply advising that a plea was unnecessary because they would win at trial. The district court rejected their claim, and found that neither could show prejudice because their "postconviction-stance[s]" that they were innocent did not demonstrate a reasonable probability that either one would have pled guilty.  Following the district court's denial of a certificate of appealability, the Eleventh Circuit granted its own certificate of appealability on the following issue:

> Whether the district court erred in finding that trial counsel was not ineffective for failing to pursue a plea agreement after the appellants requested that counsel do so, in light of the fact that no evidentiary hearing was held.

Lalani, 315 Fed. Appx. at 860.  The Eleventh Circuit set out the following standard for determining when an evidentiary hearing was necessary:

> The district court "shall" hold an evidentiary hearing on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron, 291 F.3d at 714-15 (quotation omitted).  Yet the "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715.

Id.  The panel then rejected the argument that claiming innocence at trial prevents a defendant from later asserting that he would have accepted a pre-trial plea offer.  Quoting from a Sixth Circuit case, Griffin v. U.S., 330 F.3d 733 (6th Cir. 2003), the panel made the following common-sense point:

> Defendants must claim innocence right up to the point of accepting a guilty plea, or they would lose their ability to make any deal with the government. It does not make sense to say that a defendant must admit guilt prior to accepting a deal on a guilty plea.  It therefore does not make sense to say that a defendant's protestations of innocence belie his later claim that he would have accepted a guilty plea.

Griffin, 330 F.3d at 738.  Having rejected that argument, the Eleventh Circuit in Lalani then ruled that an evidentiary hearing was required:

> Furthermore, because the Petitioner's protestations of innocence after their trial do not prevent the Petitioners from showing prejudice, as was held in <u>Griffin</u>, there is sufficient subjective evidence in the record to warrant an evidentiary hearing to determine whether there is a reasonable probability that the Petitioners would have accepted a plea offer had their counsel successfully pursued a plea offer from the government.

<u>Lalani</u>, 315 Fed. Appx. at 861.

<u>Lalani</u> stands for the proposition that unless the record (before any evidentiary hearing has been held) contains evidence affirmatively contradicting petitioner's claim that he would have pled guilty, an evidentiary hearing should be held.  In this way, <u>Lalani</u> is distinguishable from <u>Case v. McNeil</u>, 5:09-cv-00039-MCR-MD, in which the undersigned adopted a Report and Recommendation which denied an ineffective assistance claim without an evidentiary hearing.  In <u>Case</u>, the petitioner pled straight to the judge after rejecting a prior plea offer and after confirming on the record that he was aware of counsel's assessment of his case and his reason for advising him to enter a guilty plea; notably, the record also showed that he was aware of his sentencing exposure.  During the plea colloquy, Case was repeatedly asked if he was satisfied with his counsel and his counsel's performance, and he did not indicate any dissatisfaction.  The Report and Recommendation in <u>Case</u> therefore recommended:

> On the plea form and at the plea hearing, petitioner affirmed under oath that he was satisfied with counsel's representation on the possession charge.  At that time, petitioner knew how counsel had advised him with regard to the supposed 2003 plea offer.  He also knew counsel's current (November 2004) assessment of the case and stated basis for advising petitioner to enter an open plea.  He also knew his sentencing exposure.  Yet petitioner made no mention whatsoever of the prior more favorable plea offer.  Nor did he indicate regret for having rejected it, or even a hint of discomfort, skepticism, or dissatisfaction with counsel's handling of the case.  Instead, he unequivocally stated his satisfaction with counsel's services.

(Doc. 25, pp. 31-32 in <u>Case v. McNeil</u>, 5:09-cv-00039).  Because Case's testimony at the change of plea hearing "affirmatively contradicted" his later claim that he was dissatisfied with counsel's advise and would have taken the earlier plea offer, no evidentiary hearing was required.

**CONCLUSION**

In the instant case, the record does not contain evidence of what petitioner knew regarding his sentencing exposure and/or what counsel discussed with him in relation to the plea offer. Instead, the record reflects that the state court judge merely speculated that because petitioner knew he faced a lengthy minimum sentence and still went to trial, he would not have pled guilty even if he had known he faced a life sentence:

> The record does not conclusively refute his claim that he was never told he could receive life imprisonment, if found guilty after a trial, based on his possible scoresheet points. However, it is clear that Defendant was aware of all the State's plea offers, as well as the fact that the State was seeking enhanced penalties under the prison releasee reoffender statute and the habitual felony offender statute.... [T]he record shows that Defendant knew he was facing more than fifteen (15) years in prison. Even if counsel did err in failing to advise Defendant that he could be sentenced to life imprisonment based upon his possible scoresheet points, Defendant fails to show how he was prejudiced. Defendant was repeatedly reminded by the trial court and counsel of his significant prison exposure if he was found guilty after trial. Despite these notifications, Defendant chose to continue to trial. Defendant fails to show a reasonable possibility that but for counsel's actions he would have accepted the plea and not continued to trial. This ground is without merit.

(Exhibit N to State's Response, found at Doc. 16, Attachment #18, p. 46-48 (pp. 84-86 of the PDF)). Unlike Case, where the defendant later pled guilty and therefore had a chance (which he declined) to speak up at the colloquy about prior pleas he would have taken, the petitioner in the instant case went to trial. Thus, he was never asked if he approved of his counsel's performance, including whether - once he knew his actual sentence exposure - he was still pleased with the advice given regarding previous plea offers. Thus, nothing in the record affirmatively contradicts petitioner's current claim that he would have pled guilty if he had known his full sentence exposure.

Also, petitioner was never given the chance, through an evidentiary hearing, to develop the record regarding his knowledge of the possible sentence and his willingness to plea. Moreover, petitioner has alleged, as reflected in the transcript of the pretrial hearings, that he countered the government's written eight-year plea offer with an oral five-year plea offer, but that this counteroffer was rejected by the government. This provides

some objective evidence of the petitioner's willingness to enter into a plea agreement containing a sentencing deal similar to that which the state had offered, at a time when he thought he was facing a possibility of 15 or 30 years.  Thus, the court concludes that an evidentiary hearing should be held before the magistrate judge to allow petitioner the opportunity to develop the record regarding: (1) what he was told about his sentence exposure; and, (2) his pre-conviction willingness to plead guilty if he had known the true sentence he faced.

Accordingly, the magistrate judge's Report and Recommendation is adopted in part and rejected in part.  The recommendation is ACCEPTED and incorporated by reference in this order with respect to all grounds raised by the petitioner *except* for ground one.  The recommendation as to ground one is REJECTED and this matter is recommitted to the magistrate judge with instructions to conduct an evidentiary hearing on ground one, as outlined above.

**DONE and ORDERED** this 17th day of February, 2012.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**