# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

WILLIAM J THEUS, JR,

    Petitioner,

v.                                         CASE NO. 1:08-cv-00042-MP-CJK

EDWIN G BUSS,
WALTER MCNEIL,
KENNETH S TUCKER,

    Respondents.

_____/

# **O R D E R**

This matter is before the Court on Doc. 65, the Second Report and Recommendation of the Magistrate Judge, recommending that the remaining ground[1] from petitioner's habeas petition be denied. The petitioner objected, Doc. 66, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C). Having done so, the Court determines that the Report and Recommendation should be accepted and the petition denied in its entirety.

Petitioner was convicted in state court and sentenced to four life terms for having sex with a twelve-year-old girl multiple times. The only ground from his habeas petition that has not been previously denied is Ground One. It involves the claim that the state made a five-year plea offer that his counsel told him to reject because counsel felt the case was weak against him. Further petitioner claims that counsel did not tell him that he faced the potential of life imprisonment before he rejected that offer. Petitioner also claims that he was then offered a

---

[1] All of petitioner's grounds except Ground One were denied by the order at Doc. 31.

second plea of 8 years, which he also rejected allegedly based on counsel's advice. Petitioner now claims that had he known he faced life imprisonment, he would have pled guilty.

Ground One therefore asserts ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668, 677–78, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish prejudice under <u>Strickland</u>, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. The Supreme Court recently explained, "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." <u>Lafler v. Cooper</u>, 132 S.Ct. 1376, 1384 (2012). That is, the Supreme Court held that a defendant had to establish that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under judgment and sentence that in fact were imposed.

<u>Id.</u> at 1385.

Previously, the Court adopted the First Report and Recommendation in part and rejected all of his claims except this one. The Court then remanded the matter back to the Magistrate Judge for an evidentiary hearing with the following language:

> Petitioner was never given the chance, through an evidentiary hearing, to develop the record regarding his knowledge of the possible sentence and his willingness to plea. Moreover, petitioner has alleged, as reflected in the transcript of the pretrial hearings, that he countered the government's written eight-year plea offer with an oral five-year plea offer, but that this counteroffer was rejected by the government. This provides some objective evidence of the petitioner's willingness to enter into a plea agreement containing a sentencing deal similar to that which the state had offered, at a time when he thought he was facing a possibility of 15 or 30 years. Thus, the court concludes that an evidentiary hearing should be held before the magistrate judge to allow petitioner the

      opportunity to develop the record regarding: (1) what he was told about his sentence exposure; and, (2) his pre-conviction willingness to plead guilty if he had known the true sentence he faced.

Doc. 31.

      The Magistrate Judge held an evidentiary hearing and issued a Second Report and Recommendation, which is very thorough, well written and well reasoned. In short, the evidence clearly established that petitioner lied about the existence of a 5-year plea offer. Instead, only the written 8-year offer was made. That offer informed petitioner in writing that he faced a minimum of 23.7 years, and counsel testified credibly at the hearing that he informed petitioner that he could face up to 60 years. Also, counsel and petitioner's testimony clearly showed that Petitioner's willingness to agree to the State's plea terms was neither enhanced nor diminished by petitioner's perception of his maximum sentence exposure.

      Instead, the Court agrees with the Magistrate Judge that the primary factors which motivated petitioner to forego the State's offer and proceed to trial were (1) petitioner's consistently professed belief that he was innocent, (2) petitioner's belief that the State's case was weak, (3) petitioner's belief that the prosecutor was treating him unfairly and that he deserved a more favorable plea offer, (4) petitioner's desire to avoid sex offender probation, (5) petitioner's belief that the more relevant consideration was not the maximum possible sentence but the estimated sentence (the sentence the judge would likely impose) and the lowest permissible sentence, and (6) petitioner's desire to not spend any additional time in prison than he was already serving on other convictions.

      That is, as the Magistrate Judge ably points out, even after petitioner was told he could spend 60 years in prison (until age 94 or 95), he still refused to authorize counsel to belatedly accept the State's initial offer or make a counteroffer upon terms the State might accept.

Petitioner knew he could resolve his case if he made a counteroffer for a "substantial chunk" of DOC time followed by probation, but petitioner refused to authorize that counteroffer and insisted that any counteroffer be below the State's initial offer. In sum, petitioner's maximum sentence exposure was not a motivating factor in petitioner's decision to forego a plea and go to trial. Thus, the state court was reasonable in finding that counsel's failure to properly communicate that exposure did not meet the prejudice prong under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.

2. That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in State of Florida v. William Joseph Theus in the Circuit Court for Alachua County, Florida, Case No. 02-CF-4492, is DENIED in its entirety, and the clerk be directed to close the file

**DONE AND ORDERED** this *20th* day of March, 2013

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge